IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JERRY WAYNE WILLIS, JR, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:25-cv-167-CDL |
| CITY OF COLUMBUS, GEORGIA, *et al.*, | * | |
| | * | |
| Defendants. | * | |

O R D E R

Pending before the Court is a motion for leave to appeal *in forma pauperis* (ECF No. 88) filed by Plaintiff Jerry Wayne Willis, a pro se litigant. Willis seeks to appeal from the Court's October 2, 2026 Order granting Defendants' motion for summary judgment, denying Willis's motion for summary judgment, and denying Willis's motion for additional discovery (ECF No. 85). For the reasons enumerated below, the motion is denied.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress." If the trial court certifies in writing that the appeal is not taken in good faith,

however, such appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3). "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A party demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* "[A] case is frivolous . . . when it appears the [petitioner] 'has little or no chance of success.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (quoting *Harris v. Menendez*, 817 F.2d 737, 740 (11th Cir. 1987)). A motion to proceed *in forma pauperis* on appeal must include an affidavit stating the issues the litigant intends to raise so that the Court can determine whether the appeal is brought in good faith or is frivolous. Fed. R. App. P. 24(a)(1)(C).

The Court summarizes the events giving rise to this action. On August 28, 2024, the Columbus Police Department ("CPD") received a call from an unknown caller, who did not answer when called back. After tracking the call, CPD dispatched officers to the call origin: Plaintiff Jerry Wayne Willis's home. When the officers arrived, the front door was open behind a closed, unlocked screen door with the bottom panel removed. The officers called out, heard no response, and entered the home without a warrant. Once in the home, the officers saw a white powder on a desk along with marijuana below a glass desk. The officers then encountered Willis, who had been at another house,

and arrested him. While in the police car, Willis began to complain of shortness of breath and overheating until he was taken to a jail nurse, and then to the hospital. He was discharged with high blood pressure. Willis was charged based on his possession of the drugs. The charges were ultimately dismissed.

Willis, proceeding *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint against the officers involved, alleging Fourth and Fourteenth Amendment violations for an unlawful search and seizure, false arrest, malicious prosecution, and deliberate indifference to his medical distress. Am. Compl. 2-3, ECF No. 42. He also alleged municipal liability claims against the Columbus Consolidated Government based on the actions of the officers. *Id.* at 3. Before the Court ruled on summary judgment, Willis requested additional discovery on how a 911 phone call was traced to his house. (ECF Nos. 74 & 80).

The Court granted the Defendants' motion for summary judgment, finding that the individual officers were permitted to conduct a warrantless entry under the emergency aid exception, that the drugs were in plain view, and that the officers had qualified immunity. *Willis v. City of Columbus, Ga.*, No. 4:25-CV-167-CDL, 2026 WL 2969615, at *7 (M.D. Ga. Oct. 2, 2026). The Court found that Willis failed to establish a genuine dispute of material fact as to his claims for deliberate

indifference to serious medical needs, false arrest, and malicious prosecution. *Id.* at *3-*5. The Columbus Consolidated Government was granted summary judgment on the municipal liability claims because Willis failed to identify a custom or policy that caused his alleged harm, that he suffered no constitutional violation, and that there was no obvious risk of a constitutional violation. *Id.* at *6-*7. Willis seeks to appeal the order *in forma pauperis*.

Willis's application lists five reasons for appeal:

> 1. Whether the court on Defendants' summary-judgment motion resolved genuine material factual disputes and drew inferences against Plaintiff regarding the pre-entry emergency-aid predicate and individual qualified immunity, contrary to Rule 56.
>
> 2. Whether the court failed to independently determine lawful access and emergency-search scope when rejecting challenges to the search, manipulation, and seizure of closed containers under plain view.
>
> 3. Whether the court discounted evidence of Officer Batastini's actual notice of serious distress, continued delay in medical treatment, and suffering during custody.
>
> 4. Whether the false-arrest holding improperly used information acquired after handcuffing to establish probable cause at arrest, and whether the malicious-prosecution holding failed to conduct the charge-specific legal-process inquiry required by Williams, Butler, and Chiaverini.
>
> 5. Whether the court failed to separately assess underlying constitutional merits for municipal liability and whether its discovery rulings materially prejudiced proof of the constitutional and municipal claims.

Mot. for Leave to Appeal *In Forma Pauperis* 1, ECF No. 88.

Regarding Willis's first two enumerations of error, Willis simply maintains that the Court got it wrong. He does not specify how or point to any evidence or particular allegations in the record. Disagreeing with the Court's analysis is not enough to support the conclusion that an appeal is taken in good faith. To the extent Willis challenges the Court's ruling on qualified immunity, the Court reiterates that the officers did not violate clearly established law. *See Marbut v. Phillips*, 176 F.4th 1256, 1265 (11th Cir. 2026) (qualified immunity applies to warrantless entries under the emergency aid doctrine so long as it is "arguable" that "an objectively reasonable basis to conclude" an emergency exists). Based on the present record, no reasonable jurist could conclude otherwise. Even if the existence of a constitutional violation presents a closer question, the officers' entitlement to qualified immunity is not close by any stretch of the imagination. And thus, a good faith appeal cannot be taken challenging the officers' qualified immunity.

Willis's third and fourth enumerations are likewise not made in good faith. In his challenge to the Court's ruling on his deliberate indifference claim, Willis does not even address the Court's conclusion that Willis lacked a serious medical need. Without that element, he has no claim. As to his argument that the officers lacked probable cause to arrest him,

Willis ignores the undisputed fact that the officers found drugs in his home. No reasonable jurist could conclude that such evidence does not support the arrest here.

Lastly, Willis seeks to appeal the Court's ruling that the City has no municipal liability based on the present record. No evidence exists that a policy or custom of constitutional violations existed or that such government action *caused* his injury. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("Plaintiffs who seek to impose liability on local governments under § 1983 must prove that [official action] caused their injury.") Even if an unlawful entry occurred, Willis pointed to no evidence that the Columbus Consolidated Government had a policy or custom that caused unlawful entries to occur or that the risk of those entries was obvious.

As to Willis's challenge to the Court's ruling denying him additional discovery, that discovery would have made no difference. The call location data Willis requested would not disclose any policy or custom of unlawful entries because Willis only requested discovery related to his arrest. Furthermore, evidence of the location data would not have altered the qualified immunity analysis as to the individual officers' liability. Accordingly, an appeal of that ruling cannot be taken in good faith.

Based on the foregoing, the Court finds that Plaintiff's appeal cannot be taken in good faith. Therefore, his motion for leave to appeal *in forma pauperis* (ECF No. 88) is denied. If Plaintiff wishes to appeal, he must do so on his own dime.

IT IS SO ORDERED, this 18th day of November, 2026.

S/Clay D. Land

CLAY D. LAND
UNITED STATES DISTRICT JUDGE